# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE RAINEY, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 06-4789 |
| JAMES T. WYNDER, et al. : | |

## Memorandum and Order

YOHN, J.                                                                                                    July ___, 2007

      Petitioner Kyle Rainey, a prisoner in the State Correctional Institution at Dallas, Pennsylvania, has filed a pro se motion for relief from judgments pursuant to Federal Rule of Civil Procedure 60(b), Article III of the United States Constitution and 28 U.S.C. § 2243. Petitioner essentially seeks relief from two related judgments of this court: (1) a judgment–dated December 13, 2000–denying his habeas petition under 28 U.S.C. § 2254 as procedurally barred, and (2) a subsequent judgment–dated October 12, 2006–denying as untimely his first Rule 60(b) motion to vacate the denial of his habeas petition based on newly discovered evidence. Both judgments were affirmed by the Third Circuit. For the following reasons, petitioner's motion for relief from judgments will be denied.

**I.  Factual & Procedural Background**

      In 1994, petitioner and his co-conspirators, Nathan Riley and Darrell Wallace, robbed two jewelry stores–Bright Jewelers and Sun Jewelers–located in Philadelphia, Pennsylvania.

Petitioner was charged with both robberies and separate trials were scheduled for each burglary. On November 1, 1995, a jury found petitioner guilty of robbing Bright Jewelers.[1] Petitioner, represented by counsel, appealed to the Superior Court of Pennsylvania. Petitioner asserted that the trial court had erred in denying his motion to suppress an allegedly suggestive photo array identification made by the owner of Bright Jewelers and in granting the government's motion in limine to admit evidence of the Sun Jewelers robbery. On June 25, 1997, the superior court concluded that the trial court had not erred in admitting evidence of the Sun Jewelers robbery and that the admission of the allegedly suggestive photo array was waived because petitioner's counsel had failed to supply the court with a copy of the photo array. Petitioner subsequently filed pro se petitions for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), all of which were denied.

On April 21, 2000, petitioner filed a petition with this court, pursuant to § 2254, for habeas relief from his state conviction with regard to the Bright Jewelers robbery (Case No. 00-2086).[2] Petitioner claimed that the trial court violated his due process rights by allowing the introduction of evidence related to the Sun Jewelers robbery and failing to suppress the allegedly suggestive photo array identification. I referred the case to U.S. Magistrate Judge Peter B. Scuderi, who subsequently issued a report and recommendation that the habeas petition be denied as petitioner's claims were procedurally defaulted. The report also concluded that even if

---

[1] In a separate jury trial, petitioner was also convicted of robbing Sun Jewelers. The instant motion is related to petitioner's conviction for the Bright Jewelers robbery only.

[2] Petitioner also filed a separate § 2254 habeas petition challenging his conviction with regard to the Sun Jewelers robbery. That case (Case No. 01-623) was assigned to the Honorable Timothy J. Savage.

the claims were not procedurally defaulted, they should nevertheless be denied because they lacked merit. On December 13, 2000, I issued an order denying petitioner's habeas petition and approving and adopting Magistrate Judge Scuderi's report and recommendation. The Third Circuit denied petitioner's request for a certificate of appealability on September 13, 2001.

On January 14, 2005, petitioner filed a pro se "Motion to Vacate Judgment of Sentence" pursuant to Rule 60(b) (Case No. 05-182). Although the contents of the motion concerned this court's December 13, 2000 judgment denying the petition for habeas relief from the conviction related to the Bright Jewelers robbery, the motion was erroneously assigned to Judge Savage. *See supra* note 2. Judge Savage construed the motion as a successive petition and transferred it to the Third Circuit for consideration.[3] Petitioner's request to file a successive habeas petition was denied by the Third Circuit on June 2, 2005.

On August 11, 2005, petitioner filed a Rule 60(b) motion with this court again seeking relief from the December 13, 2000 judgment denying his habeas petition (Case No. 05-4272). In the motion, petitioner attempted to reargue the exact same claims litigated in his habeas petition

---

[3]Petitioner's Rule 60(b) motion raised five claims: (1) newly discovered evidence; (2) failure of the state court to consider the original record; (3) failure of the state authorities to provide the state court with copy of the allegedly suggestive photo array; (4) ineffective assistance of counsel; and (5) his sentence exceeded the statutory guidelines under *Blakely v. Washington*, 542 U.S. 296 (2004). Although Judge Savage properly transferred to the Third Circuit those claims that were previously litigated in petitioner's habeas corpus proceedings, petitioner's newly discovered evidence claim should not have been transferred. It was proper for the district court to rule on that claim pursuant to Rule 60(b)(2). However, the newly discovered evidence claim would have nevertheless failed as untimely. *See* Fed. R. Civ. P. 60(b) (providing that Rule 60(b)(2) motions must be filed "not more than one year after the judgment, order, or proceeding was entered or taken").

and also sought to have this court review newly discovered evidence.[4] On October 12, 2006, I dismissed part of the motion because it attempted to relitigate issues raised in the habeas petition and lacked any allegation that the habeas judgment was somehow improperly procured. *Rainey v. Wynder*, 2006 U.S. Dist. LEXIS 74314, at **7-9 (E.D. Pa. Oct. 12, 2006). The balance of the motion, which dealt with petitioner's newly discovered evidence, was denied as untimely under Rule 60(b)(2). *Id*. at **10-12. To the extent that the claim of newly discovered evidence based on Rule 60(b)(2) could have been considered a second or successive petition, I referred the motion to the Third Circuit for possible certification. *Id*. at **12-13. The Third Circuit denied the application on May 25, 2007 and denied the petition for rehearing en banc on June 15, 2007.

On October 25, 2006, petitioner filed a motion for relief from this court's December 13, 2000 judgment denying his habeas petition and October 12, 2006 judgment denying and dismissing his Rule 60(b) motion (Case No. 06-4789). He then filed the amended motion on January 19, 2007. Petitioner asserts that he is entitled to such relief under Rule 60(b)(6), Article III of the U.S. Constitution and § 2243. Because petitioner has failed to demonstrate that he is entitled to the relief requested under any of these statutory and constitutional provisions, the motion for relief from this court's December 13, 2000 and October 12, 2006 judgments will be denied. To the extent that the motion seeks to relitigate his habeas claims challenging his state conviction for the Bright Jewelers robbery, it will be dismissed pursuant to 28 U.S.C. § 2244(b)(1).

---

[4]Petitioner produced an affidavit of Riley, who pleaded guilty to both the Bright Jewelers and Sun Jewelers robberies. Riley's affidavit stated that petitioner did not participate in the Bright Jewelers robbery.

## II. Discussion

### A. Federal Rule of Civil Procedure 60(b)(6)

Under Rule 60(b), a party can move for relief from a judgment based on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Motions based on subsections (b)(1) through (b)(3) may not be filed more than one year after the judgment; those based on the remaining subsections must be filed within a "reasonable time." *Id.* Although the decision to grant or deny relief pursuant to Rule 60(b) "is directed to the sound discretion of the trial court," *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988) (citing *Giordano v. McCartney*, 385 F.2d 154, 155 (3d Cir. 1967)), the Third Circuit has held that "a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion," *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) (citing *Martinez-McBean v. Gov't of the Virgin Islands*, 562 F.2d 908, 912 (3d Cir. 1977)). Further, the Supreme Court has ruled that where a motion under Rule 60(b) sets forth what would constitute a "claim" for habeas relief by attacking "the federal court's previous resolution of a claim on the merits," such a motion must be considered a successive petition for relief. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (emphasis omitted).

Pursuant to 28 U.S.C. § 2244(b), "a claim presented in a second or successive habeas corpus application under [§] 2254 [] that was presented in a prior application [must] be dismissed." § 2244(b)(1).

In his motion, petitioner asserts that he is entitled to the relief he seeks pursuant to Rule 60(b)(6)–the catchall provision of Rule 60(b)–and continues by dedicating a significant portion of the motion to arguing the applicability of Rule 60(b) to habeas judgments. This court does not disagree that "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under [] § 2254," *Gonzalez*, 545 U.S. at 529 (quotations omitted); however, it applies "only to the extent that [it is] not inconsistent with applicable federal statutory provisions and rules," *id*., including the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Here, petitioner is not entitled to relief under Rule 60(b) because he fails to proffer any valid reason under Rule 60(b) that would justify relief from the operation of the December 13, 2000 and the October 12, 2006 judgments. He does not make any allegation that the judgments he seeks vacated were somehow improperly procured through fraud or misconduct on the part of the government or that there was "some defect in the integrity of the federal habeas proceedings." *See Gonzales*, 545 U.S. at 532. He also does not provide "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Rather, petitioner argues only that the judgments–particularly the December 13, 2000 judgment dismissing his habeas claims as procedurally defaulted–should be vacated under Rule 60(b)(6) because they denied him the opportunity to have a federal court reach a determination on the merits of his case. This alone does not entitle him to relief under any subdivision of Rule 60(b). Notably, petitioner does not even contend that the court's conclusion that the habeas claims were

procedurally defaulted was somehow incorrect, legally or factually, or improperly procured.  In addition, petitioner's argument with regard to having a federal court reach the merits of his habeas claims also ignores the fact that this court, by approving and adopting Magistrate Judge Scuderi's report and recommendation, concluded that even if petitioner's habeas claims were not procedurally defaulted, they would nonetheless be denied as meritless.  Further, the instant motion presents no arguments which could not have been raised on appeal.  *See Smith* 853 F.2d at 158; *see also Hazel v. Smith*, 190 F. App'x 137, 138 (3d Cir. 2006) (not precedential) (stating that where a Rule 60(b) motion "contains no arguments which could not have been raised on appeal, . . . Rule 60(b) [is] inappropriate").  Therefore, I conclude that petitioner's Rule 60(b) motion must be denied.

In addition, to the extent that petitioner's motion attempts to relitigate his habeas claims improperly under Rule 60(b), I conclude that the Rule 60(b) motion is actually a successive habeas petition.  *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) (stating "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition").  Because petitioner's habeas claims were raised in a prior federal habeas petition, and denied, they must be dismissed pursuant to § 2244(b)(1).  *See Gonzalez*, 545 U.S. at 532.

**B.  Article III of the U.S. Constitution**

Petitioner asserts that Article III "provides a District Court plenary equitable power to revisit and-or revise its own [habeas] judgments in the interest of fundamental justice." (Pet'r Mot. for Relief from J. 5-6.)  In addition, petitioner contends that this equitable power under Article III "cannot be constrained by statute or rule . . . . Thus, when a prisoner proceeds directly

7

under Article [III] . . . , a District Court is not constrained by [AEDPA]." (*Id*.) This argument is completely without merit. In order to adjudicate a claim, a district court must have jurisdiction under Article III *and* a federal statute. *West Penn Power Co. v. Train*, 522 F.2d 302, 313-14 (3d Cir. 1975) (quoting *Sheldon v. Sill*, 49 U.S. 441, 448-49 (1850)); *see also Wells v. Wynder*, 2007 U.S. Dist. LEXIS 33724, at *12 (E.D. Pa. May 8, 2007). As such, this court must abide by the provisions of AEDPA and cannot "revisit and-or revise" the habeas judgment solely under Article III. Notably, even if petitioner's contention were accepted, his request to have the habeas judgment revisited under Article III would nevertheless be rejected as he has not identified any "fundamental injustice." (*See* Pet'r Mot. for Relief from J. 5-6.) Therefore, I conclude that petitioner's argument with regard to Article III must be rejected.

**C.  28 U.S.C. § 2243**

Petitioner additionally argues that § 2243 provides this court with "plenary equitable powers over its own judgment . . . to ensure fundamental justice" and, unlike Rule 60(b), is not subject to AEDPA's restrictions. (Pet'r Mot. for Relief from J. 9.) Based on this assertion, petitioner argues that this court is authorized to revisit or vacate its December 13, 2000 and October 12, 2006 judgments. This argument is also wholly without merit. Although § 2243 directs the court, among other things, to "summarily hear and determine the facts, and dispose of the matter as law and justice require," § 2243, it does not authorize a federal court to revisit its habeas judgments, particularly when doing so would violate the restrictions of AEDPA and the applicable Federal Rules of Civil Procedure. Moreover, as with his previous contention under Article III, petitioner fails to indicate that any "fundamental injustice" has even occurred. Thus, petitioner's argument with regard to § 2243 must be rejected as well.

**III.  Conclusion**

For the reasons stated above, petitioner's motion for relief from this court's December 13, 2000 and October 12, 2006 judgments under Rule 60(b), Article III and § 2243 will be denied with prejudice.  Further, to the extent that petitioner's motion attempts to relitigate his habeas claims under Rule 60(b), the motion is dismissed in accordance with § 2241(b)(1).

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE RAINEY, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 06-4789 |
| JAMES T. WYNDER, et al. : | |

## Order

**AND NOW** on this _____ day of July 2007, upon careful consideration of petitioner's motion for relief from judgments, it is hereby **ORDERED** that:

1. The motion for relief from judgments pursuant to Federal Rule of Civil Procedure 60(b), Article III of the U.S. Constitution and 28 U.S.C. § 2243 is **DENIED**.

2. To the extent that the motion attempts to relitigate petitioner's previously rejected habeas claims challenging his state conviction, it is **DISMISSED** pursuant to 28 U.S.C. § 2244(b)(1).

                                                                           s/ William H. Yohn Jr.
                                                                       William H. Yohn Jr., Judge